UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON


NORA WOOD-ARNDT,

        Plaintiff,

      v.                                 Civil No. 06-1672-HA

                                              OPINION AND ORDER

MICHAEL J. ASTRUE,
Commissioner of Social Security,

        Defendant.

_____

HAGGERTY, Chief Judge:

       Plaintiff Nora Wood-Arndt seeks judicial review of a final decision by the Commissioner

of the Social Security Administration denying her application for disability insurance benefits

(DIB) and Supplemental Security Income (SSI) payments.  This court has jurisdiction to review

the Commissioner's decision under 42 U.S.C. § 405(g).  For the following reasons, the

Commissioner's decision is reversed and remanded for further proceedings.


1- OPINION AND ORDER

**STANDARD OF REVIEW**

This court must affirm the Commissioner's decision if it is based on proper legal standards and the findings are supported by substantial evidence in the record as a whole.  42 U.S.C. § 405(g); *Batson v. Comm'r of Soc. Sec. Admin.,* 359 F.3d 1190, 1193 (9th Cir. 2004). Substantial evidence is "more than a mere scintilla but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995).

The Administrative Law Judge (ALJ) is responsible for determining credibility and resolving conflicts and ambiguities in the evidence.  *Batson*, 359 F.3d at 1193.  The Commissioner, not the reviewing court, must resolve conflicts in the evidence.  *Benton v. Barnhart*, 331 F.3d 1030, 1035 (9th Cir. 2003); *Reddick v. Chater*, 157 F.3d 715, 720-21 (9th Cir. 1998).

The court must weigh all of the evidence, whether it supports or detracts from the Commissioner's decision.  *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999) (quotation and citation omitted).  This court must uphold the Commissioner's denial of benefits, even if the evidence is susceptible to more than one rational interpretation, as long as one of the interpretations supports the decision of the ALJ.  *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002); *see also Benton*, 331 F.3d at 1035 (the Commissioner's decision must be upheld in instances where the evidence would support either outcome).

**DISABILITY STANDARDS**

To establish an eligibility for benefits, a plaintiff has the burden of proving an "inability to engage in any substantial gainful activity (SGA) by reason of any medically determinable

physical or mental impairment which . . . has lasted or can be expected to last for a continuous

period of not less than 12 months."  42 U.S.C. § 423(d)(1)(A).  The Commissioner has

established a five-step sequential evaluation process for determining if a person is eligible for

benefits because of disability.  20 C.F.R. §§ 404.1520, 416.920; *Quang Van Han v. Bowen*, 882

F.2d 1453, 1456 (9th Cir. 1989).

First, the Commissioner determines whether the claimant is engaged in SGA.  If the

claimant is so engaged, disability benefits are denied.

If not, the Commissioner proceeds to step two and determines whether the claimant has a

medical impairment that meets the regulatory definition of "severe."  20 C.F.R. § 404.1520(a).  If

the claimant lacks this kind of impairment, disability benefits are denied.  20 C.F.R. §

404.1520(c).

If the claimant's impairment is severe, the Commissioner proceeds to the third step to

determine whether the impairment is equivalent to one or more impairments that the

Commissioner has recognized to be so severe they are presumed to preclude SGA.  20 C.F.R. §

404.1520(d).  These are listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 ("Listing of

Impairments").  If the claimant's condition meets or equals one in the Listing of Impairments, the

claimant is presumed conclusively to be disabled.

If the impairment is not one that is presumed to be disabling, the Commissioner proceeds

to the fourth step to determine whether the impairment prevents the claimant from engaging in

work that the claimant has performed in the past.  If the claimant is able to perform his or her

former work, a finding of "not disabled" is made and disability benefits are denied.  20 C.F.R. §

404.1520(e).

3- OPINION AND ORDER

If the claimant is unable to perform work that he or she has performed in the past, the Commissioner proceeds to the fifth and final step to determine if the claimant can perform other work in the national economy in light of his or her age, education, and work experience. The claimant is entitled to disability benefits if he or she is unable to perform any other work. 20 C.F.R. § 404.1520(f).

The claimant bears the initial burden of establishing his or her disability. In the five-step framework used by the Commissioner, the claimant has the burden of proof as to steps one through four. In step five, the burden shifts to the Commissioner to show there are a significant number of jobs in the national economy that the claimant can perform given his or her residual functional capacity (RFC), age, education, and work experience. *Gomez v. Chater*, 74 F.3d 967, 970 (9th Cir. 1996). If the Commissioner cannot meet this burden, the claimant is considered disabled for the purposes of awarding benefits under the Act. 20 C.F.R. § 404.1520(f)(1). If the Commissioner meets this burden, the claimant must be deemed not disabled for purposes of determining benefits eligibility. 20 C.F.R. §§ 404.1566, 404.1520(g).

**BACKGROUND**

The relevant background, which is drawn from the extensive administrative record and the ALJ's decision, is summarized here. Plaintiff was fifty-four years old at the time of the ALJ's decision. She has a high school degree. She has past relevant work experience as an administrative assistant, an escrow officer, an escrow assistant, a title examiner, an office manager, and a secretary.

Plaintiff applied for DIB and SSI payments on December 16, 2002. Her application was denied initially and on reconsideration. Plaintiff requested a hearing before an ALJ. That

4- OPINION AND ORDER

hearing was held on December 16, 2005; plaintiff's niece, Lealani Sturdevant, offered testimony

at the hearing.  On June 26, 2006, the ALJ found that plaintiff was not disabled.  The decision

became the Commissioner's final decision upon the Appeal Council's denial of review.  *See* 20

C.F.R. §§ 404.981, 416.1481, 422.210.  Plaintiff subsequently filed a Complaint seeking this

court's judicial review.

Additional facts will be discussed as required by the parties' legal arguments.

**SUMMARY OF ALJ'S FINDINGS**

At step one, the ALJ found that plaintiff had not engaged in SGA since her alleged

disability onset date of October 3, 2001.  Tr. 18[1], Finding 2.

At step two, the ALJ found that plaintiff had severe impairments of major depression,

generalized anxiety disorder, panic disorder with agoraphobia, and dependent and avoidant

personality traits.  Tr. 18, Finding 3.

At step three, the ALJ found that plaintiff's impairments did not meet or equal the

requirements of any listed impairment.  Tr. 19-20, Finding 4.

At step four, the ALJ found that plaintiff was unable to perform her past relevant work.

Tr. 23, Finding 6.  The ALJ so found after determining that plaintiff had no physical

impairments; could perform simple, repetitive tasks, but not sustain attention and concentration

for detailed or complex material; cannot perform activities involving heavy production demands

or frequent deadlines, ongoing service to the general public or more than brief interactions with

co-workers.  Tr. 20, Finding 5.

---

[1] Citations beginning with "Tr." refer to pages in the official transcript of the
administrative record filed with the Commissioner's Answer.

At step five, applying the Medical-Vocational Guidelines as a framework, and based on testimony from the vocational expert (VE), the ALJ found that plaintiff was able to perform jobs that exist in significant numbers in the national economy, including jobs as an office helper or photocopy clerk.  Tr. 24, Finding 10.

**DISCUSSION**

Plaintiff contends that the ALJ's decision is not supported by substantial evidence. Specifically, plaintiff asserts that the ALJ erred by: (1) improperly rejecting plaintiff's testimony; (2) improperly rejecting medical evidence; (3) relying upon erroneous vocational evidence; and (4) improperly ignoring lay evidence.

Because the ALJ erred by ignoring lay evidence, the court need not analyze plaintiff's other arguments.

In determining a claimant's possible disability, an ALJ must consider lay witness testimony when it is presented.  20 C.F.R. §§ 404.1513(d)(4) & (e), 416.913(d)(4) & (e); *see also Stout v. Commissioner*, 454 F.3d 1050, 1053 (9th Cir. 2006) (citing *Dodrill v. Shalala*, 12 F.3d 915, 919 (9th Cir. 1993)).  Lay testimony as to a claimant's symptoms or how an impairment affects a person is considered competent evidence and cannot be disregarded without comment.  *Nguyen v. Chater*, 100 F.3d 1462, 1467 (9th Cir. 1996).

To discount the testimony of lay witnesses, an ALJ must give reasons that are germane to each witness.  *Stout*, 454 F.3d at 1053; *see also Lewis v. Apfel*, 236 F.3d 503, 511 (9th Cir. 2001) (lay testimony as to a claimant's symptoms is competent evidence that an ALJ must take into account, unless the ALJ "expressly determines to disregard such testimony and gives reasons germane to each witness for doing so" (citations omitted)).

6- OPINION AND ORDER

When an ALJ errs by failing to properly discuss competent lay testimony favorable to the claimant, a reviewing court cannot consider the error harmless "unless it can confidently conclude that no reasonable ALJ, when fully crediting the testimony, could have reached a different disability determination." *Stout*, 454 F.3d at 1053.

In this case, the court cannot so conclude. The ALJ did not address the testimony of plaintiff's niece, Lealani Sturdevant. Appearing before the ALJ, Sturdevant testified that she called plaintiff on a "daily" basis. Tr. 593. Sturdevant testified that plaintiff seemed anxious, cried at least once a week, and experienced panic attacks. Tr. 594-96. Plaintiff also told Sturdevant that she continued wearing her pajamas throughout the day and didn't have the energy to go to the store. Tr. 594. Eventually, Sturdevant encouraged plaintiff to move to Oregon so she could support plaintiff. Tr. 596.

The ALJ determined that plaintiff was not entirely credible. Although plaintiff testified that "[s]he cries, has low energy, and is unable to shower, get dressed, eat, leave the house, or do anything," the ALJ questioned "the claimant's statements concerning the intensity, duration and limiting effects of these symptoms." Tr. 20.

Sturdevant's testimony, however, supports a determination that plaintiff's statements are credible. Accordingly, the court cannot conclude that no reasonable ALJ, when fully crediting Sturdevant's testimony, could have reached a different disability determination. On remand, the ALJ must take the lay witness testimony into account, unless the ALJ "expressly determines to disregard such testimony and gives reasons germane" for doing so. 236 F.3d at 511.

The United States Supreme Court has recognized two kinds of remands permitted under 42 U.S.C. § 405(g). *See Melkonyan v. Sullivan*, 501 U.S. 89, 101-03 (1991). A court may issue

7- OPINION AND ORDER

what is referred to as a "sentence four" remand in instances in which the Commissioner has erred

in its prior consideration of the claimant's application for benefits.  *Flores v. Shalala*, 49 F.3d

562, 568 (9th Cir. 1995).  Under a "sentence six" remand, by contrast, the court may remand

without making a determination as to the "correctness of the Secretary's decision."  *Id*. (citing

*Melkonyan*, 501 U.S. at 100).

Whether to remand under sentence four is a matter of judicial discretion.  *Harman v.

Apfel*, 211 F.3d 1172, 1177 (9th Cir. 2000).  A remand for further proceedings is unnecessary if

the record is fully developed and it is clear from the record that the ALJ would be required to

award benefits.  *Holohan v. Massanari*, 246 F.3d 1195, 1210 (9th Cir. 2001).  The rule

recognizes "the importance of expediting disability claims."  *Id*.  In cases in which it is evident

from the record that benefits should be awarded, remanding for further proceedings would delay

effectuating the primary purpose of the Social Security Act, which is to give financial assistance

to disabled persons because they cannot sustain themselves.  *Id*.

The decision whether to remand for further proceedings turns upon the likely utility of

such proceedings.  *Harman*, 211 F.3d at 1179.  In this matter, this court concludes that

outstanding issues remain that must be resolved before a determination of disability can be made.

**CONCLUSION**

For the reasons provided, this court concludes that, pursuant to sentence four of 42

U.S.C. § 405(g), the decision of the Commissioner must be REVERSED and REMANDED FOR

FURTHER PROCEEDINGS consistent with this Opinion and the parameters provided herein.

IT IS SO ORDERED.

DATED this __23__ day of September, 2008.


_____/s/ Ancer L. Haggerty_____

Ancer L. Haggerty

United States District Court

9- OPINION AND ORDER